# STATE OF VERMONT

# ENVIRONMENTAL COURT

In re: Appeal of John R. Mullen   }
                                            }
                                            }   Docket No. 187-9-00 Vtec
                                            }
                                            }

## Decision and Order on remaining issue

This Court's Decision and Order dated March 7, 2002 concluded Docket No. 259-12-99 Vtec, and invited further memoranda on an issue raised by the unusual exemption in the City of Barre zoning regulations for an existing undersized lot containing a nonconforming or noncomplying building. § 5.1.05(3). Appellant John R. Mullen is represented by L. Brooke Dingledine, Esq.; the City of Barre is represented by Oliver L. Twombly, Esq. This decision and order is supplementary to the March 7, 2002 decision and will not repeat the findings or conclusions made in that decision.

Nonconforming Use or Existing Small Lot Analysis

The City of Barre ordinance is much more expansive in its protections for existing small lots than is state law. State law requires municipalities to allow development of existing small undeveloped lots over an eighth of an acre in size and with minimum dimensions of 40 feet. 24 V.S.A. § 4406(1). This statutory section does not prohibit municipalities from allowing the development or the grandfathering of existing lots smaller than the state size standard, nor does it prohibit municipalities from giving special protection to very small lots already developed with a grandfathered structure.

The Barre City ordinance contains two additional protections for preexisting small lots, beyond the protection required by state law. One of the additional protections only applies to existing undeveloped lots and is inapplicable to the present appeal. § 5.1.05(2). However, the third subsection of § 5.1.05 gives an exemption for an existing undersized lot containing a nonconforming or noncomplying building, such as Appellant's lot. It provides that such a lot may be developed for the purposes permitted in the district in which it is located even though not conforming to the minimum lot size requirement "[i]f a nonconforming structure or noncomplying building is situated on the parcel, provided that the coverage of the building is not enlarged." § 5.1.05(3).

Appellant's lot contains a "nonconforming structure or noncomplying building" situated on the parcel. The only nonconformity of Appellant's lot is that it is undersized; that is, it fails to meet the minimum lot size for any of the uses permitted in the district. It therefore qualifies for the exemption in § 5.1.05(3). As multi-unit apartment buildings are permitted in the district, the

ground floor may be converted to a third apartment as permitted by this section, provided that the coverage of the building is not enlarged.

As the City's memorandum points out, the off-street parking requirement of § 5.7.01(b)(2) will not be met by the property' s present configuration of four parking spaces. However, this issue was not raised in the present appeal. Appellant must also come into compliance with § 5.7.01 and 5.7.02, but may do so by any of the available mechanisms under the Zoning Regulations: by adding a fifth parking space; or by reduction in the requirement by the DRB under § 5.7.01(c) or (d); or by a determination that it is inapplicable under § 5.7.01(e) as the building is not being enlarged; or by assignment of one of the spaces to two units with approval of the DRB under § 5.7.02(a); or by provision of a space on other property under § 5.7.02(b). Any application related to meeting the parking requirements is not before the Court in the present appeal.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's application to allow the conversion of the ground floor of the building from a commercial use to use as a third apartment is GRANTED, based on the exemption provided in § 5.1.05(3), provided that the coverage of the building is not enlarged. We note that Appellant's compliance with § 5.7.01 and 5.7.02, and any application related to meeting those parking requirements, is not before the Court in the present appeal.

Dated at Barre, Vermont, this 27th day of March, 2002.

_____

Merideth Wright
Environmental Judge